Dear Mayor McGehee:
At issue is whether the mayor or the city council may appoint the warden of the Bogalusa City Jail. If the position of warden constitutes a "police department employee"[1] subordinate to the appointed chief of police, then the Bogalusa Home Rule Charter clearly imposes that responsibility upon the Mayor.
The mayor is given the authority to appoint all employees of the police department, in accordance with Section 3-07 of the Bogalusa City Charter, providing in pertinent part:
 Section 3-07. Powers and duties of the mayor.
 A. The mayor, as chief executive officer of the city, shall have the following powers and duties:
 * * * * *
 (2) Appoint and suspend or remove for just cause all city employees and appointive administrative officers provided for, by or under this charter, except as otherwise provided by law, this charter, civil service or other personnel rules adopted pursuant to this charter. The mayor may authorize any administrative officer who is subject to the mayor's direction and supervision to exercise these powers with respect to subordinates in that officer's department, office or agency.
 * * * * *
 (4) Direct and supervise the administration of all departments, offices and agencies of the city, except as other wise provided by this charter.
Under civil service law, the mayor, is the appointing authority for "police headquarters desk service, jailer, and police matron" as set forth in R.S. 33:2481 (4).
The appointed chief of police's responsibilities, under the terms of the Bogalusa City Charter, limit his official responsibility to general law enforcement management. However, the appointed chief of police is not allocated specific authority to control or administer municipal property such as the city jail. Section 4-05 of the Bogalusa City Charter provides:
 Section 4-05. Police department
 A. The head of the police department shall be the police chief who shall be appointed by the mayor, subject to confirmation by the council in accordance with applicable state law.
 B. The police chief shall direct and be responsible for the preservation of public peace and order; prevention of crime; apprehension of criminals; assistance to the courts and other law enforcement officials; and the enforcement of the laws of the state and the ordinances of the council.
Having examined the entire charter, we find you in your capacity as Mayor are charged with the administration of the jail facility under Section 3-07 (4) and Section 4-01 (A), which respectively provide:
 Section 3-07. Powers and duties of the mayor.
 * * * * *
 (4) Direct and supervise the administration of all departments, offices and agencies of the city, except as other wise provided by this charter.
 Section 4-01. General provisions.
 A. All departments, offices and agencies shall be under the direction and supervision of the mayor, except as otherwise provided by this charter.
Thus, the mayor is charged with the administration of the city jail facility. For you to delegate this function to another (either the current chief of police or the another individual designated "warden") would first require compliance with the procedures regarding administrative reorganization under Section 4-09:
 Section 4-09. Administrative reorganization
 A. The mayor shall have the right as chief executive officer to propose to the council plans for the reorganization of city departments, or for the reallocation of the functions, powers, duties and responsibilities of city departments, including those provided for in this charter. No such reorganization plan shall affect the functions, powers, duties, responsibilities or office of the city prosecutor.
 B. At the meeting of the council at which the reorganization plan is submitted, the council shall order a public hearing on the plan, said hearing to be held no sooner than twenty (20) days nor later than thirty (30) days after the date the plan was submitted to the council. The council shall cause to be published in the official journal at least ten (10) days prior to the date of such hearing, the time and place thereof, a general summary of the reorganization plan and the times and places where copies of the proposed reorganization plane are available for public inspection. At the time and place so advertised, the council shall hold a public hearing on the reorganization plan as submitted.
 C. The council shall within sixty (60) days following the date of the public hearing either approve or disapprove, but not amend, the proposed reorganization plan. Should the council fail to act within the prescribed time, the plan shall be deemed approved.
The error in Opinion 01-246 is the author's assumption that no provision had been made for the chief of police or any other official to be responsible for the administration of the city jail, when in fact this function has been charged to you under the specific directives of the charter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 33:2211 (B) pertaining to minimum wages defines an employee of a police department to include "all persons employed or engaged full time and paid by the municipalities affected by this Subpart, for the enforcement of laws and ordinances and the general preservation of the public peace and order, including jailers and radio operators not otherwise classified . . ."